## Benjamin Johnson

v.

## Parmelia A. Drummond.

1. Damages.—The damages sought to be recovered in an action should always be the natural and proximate consequence of the wrongful act complained of.

2. Dram shop act.—Natural and proximate consequences.— Where appellee followed her intoxicated husband out in the street to watch him and see where he obtained his liquor, and the sidewalk being slippery she fell and injured herself. *Held*, that appellee's fall was not the natural and proximate consequence of her husband's intoxication, and it was error to admit such evidence in an action by appellee under the Dram Shop Act.

Appeal from the Circuit Court of Macoupin county; the Hon. W. L. Gross, Judge, presiding. Opinion filed August 20, 1885.

Messrs. Yancey & Richards, for appellant; that the damages to be recovered in an action must always be the natural and proximate consequence of the wrongful act complained of, cited Tweed v. Ins. Co., 7th Wall. U. S. 44 Fent v. Toledo, P. & W. R. R. Co., 59 Ill. 349; T. W. & W. Ry. Co. v. Muthersbaugh, 71 Ill. 572; Phillips v. Dickerson, 85 Ill. 11.

This rule applies in cases growing out of the sale of intoxicating liquors: Schmidt v. Mitchell, 84 Ill. 195; Shugart v. Egan, 83 Ill. 56.

Mr. E. W. HAYES and Messrs. CORN & SHIRLEY, for appellee.

CONGER, J. This was an action under the dram shop law brought by appellee against appellant, and a recovery was had of $416.66⅔.

The evidence tends to show that about Nov. 1, 1883, appellee's husband, having been entirely temperate for six or seven years, though before that time an habitual drunkard, again began to drink, and was intoxicated for some five or six weeks; that appellee was a nurse and midwife, and in consequence of being driven from her home by her husband, was injured in her means of support; also, that her husband squandered some $170 of her money that she had previously intrusted him with. Appellee was allowed to testify against the objection of appellant, that during the time her husband was intoxicated, she followed her husband on the street to see where he obtained his liquor, and while so doing, received a severe fall upon the sidewalk; that she was following her husband out in the street, watching him. It was about dusk in the evening; her husband came out of the saloon toward her; that in trying to get out of his sight, the sidewalk being slippery, and she not having her rubbers on, she slipped and fell, and that the fall hurt her so much that she never got over it.

We think that the admission of this evidence was improper. The damages sought to be recovered in an action should always be the natural and proximate consequence of the wrongful act complained of. Can it be said that appellee's fall under the circumstances above stated, was the natural and proximate consequence of her husband's intoxication? We think not. It is insisted that appellee, in following her husband out upon the street, was in the pursuit of the duty which lay upon her to prevent, if within her power, the continued drunkenness of her husband, and thereby place herself in a position to successfully maintain an action against appellant, and Reget v. Bell, 77 Ill. 595, is cited as sustaining such a theory.

Johnson v. Drummond.

The cases are very different. In that case the wife permitted her husband, during one night while lying in bed, to drink a jug of whisky, and the court say that the wife in that case was a willing party to the conduct of her husband, and instrumental in bringing the loss upon herself.

But it certainly can not be required of a wife, in order to maintain an action against one who sells liquor to her husband, and is in consequence thereof injured, that she shall leave her home and go upon the streets to watch him. She may do so if she chooses, but the law certainly does not cast that duty upon her as a prerequisite to bringing her suit.

What effect this evidence may have had upon the jury we can not know, and therefore feel constrained to reverse the case, that upon another trial the damages that are the natural and proximate consequence of the injury complained of may alone be considered by the jury.

It follows from the foregoing that appellant's third instruction should have been given, which is as follows:

" The court instructs the jury that the plaintiff is not entitled to recover any damages in this case for injury to her person if the jury believe from the evidence that such damage or injury to her person was sustained while the plaintiff was voluntarily following after her husband on the street, unless they further believe from the evidence in the case that her husband was the direct cause of said personal injury, while intoxicated, in whole or in part, by liquor furnished by defendant."

The judgment is reversed and cause remanded.

Reversed and remanded.